## Truby's Appeal.

The trustee held to be the proper person to receive and distribute, under the direction of the court, a fund representing part of an estate assigned for the benefit of creditors.

(Decided October 26, 1885.)

Appeal from a decree of the Court of Common Pleas of Armstrong County.   Reversed.

This case was submitted to the court on an agreed statement of facts to the following effect:   On October 27, 1884, a final judgment was entered in favor of E. S. Golden against the estate of James E. Brown, deceased.   To the fund thus created three separate claims were interposed:   One by Mrs. Frances E. Tanner, one by W. F. Rumberger and wife, and one by Simon Truby, Jr.   These claims arose as follows:   Golden was indebted to Mrs. Tanner for money collected by him as her agent, and finally compromised her claim on November 14, 1882, by assigning to her $22,000 of his claim against the Brown estate and giving his judgment note for balance.

On November 18, 1881, Rumberger and wife recovered a judgment against Golden, and had an attachment execution served upon the administrators of Brown's estate, as garnishees.

On November 16, 1881, Golden had made an assignment for benefit of creditors to one John Murphy.   This assignment was never acted upon, and on April 14, 1882, Murphy reconveyed to Golden all the property so assigned.   Upon petition, Murphy was removed and Truby appointed in his stead, as trustee of the assigned estate.   See preceding case.

NOTE.—In this case the assignee, without notice to creditors or leave of court, had reconveyed the property to the assignor.   This was held void in Golden's Appeal, 110 Pa. 581, 1 Atl. 660.

Upon this state of facts, the court decided that Mrs. Rumberger was entitled to the fund to the extent of her claim under the attachment execution, and that Mrs. Tanner was entitled to the balance. From this decree Truby appealed.

*Calvin Rayburn* and *Buffington & Buffington* for appellant.

*McCain & Leason* for Mrs. Tanner, appellee.

OPINION BY MR. JUSTICE STERRETT:

It is admitted in the case stated that the fund in court is part proceeds of E. S. Golden's claim against the administrators of James E. Brown, deceased, which, *inter alia,* passed by his deed of voluntary assignment for the benefit of creditors to his assignee.

The assignment to John Murphy was duly executed and recorded in November, 1881, but nothing further was done until April 14, 1882, when the assignee for a nominal consideration reconveyed all the trust property to his assignor. About a year thereafter, on petition of a creditor, the assignee was removed and a new trustee appointed in his stead. From that decree an appeal was taken to this court, and, in No. 202, of the present term, we have just decided that the reassignment was wholly inoperative, and did not affect the trust for the benefit of creditors.

The decree dismissing the assignee for misfeasance and neglect of duty, and appointing the appellant, Simon Truby, Jr., as trustee, in his stead, to execute the trust, was accordingly affirmed. In his capacity as trustee, Truby claimed the fund in court as part proceeds of the trust estate. On the other hand, it was claimed by Rumberger and wife, and also by Mrs. Tanner, both of whom were creditors of the assignor at time of his assignment; the former claiming by virtue of an execution attachment, issued shortly after the reassignment and served on James E. Brown's administrators, from whom the fund in court was collected, and the latter claiming by virtue of an assignment of the claim against Brown's administrators, executed by Golden shortly after the attachment execution was served on them.

This case stated having been agreed upon for the purpose of determining which of the respective parties is entitled to the fund in question, the court below awarded part of it to Rumberger and wife in payment of their judgment, and the residue

to Mrs. Tanner on account of her claim. In this it is alleged there was error, and we think there was.

The fund in court represents part of the assigned estate in which all the assignor's creditors are interested, and the trustee is undoubtedly the proper person to receive and distribute the fund under the direction of the court.

The so-called reassignment by Murphy to his assignor being *ultra vires* and inoperative, the trust property which he attempted to reconvey was still impressed with the trust in favor of the creditors, and, hence, Rumberger and wife acquired no lien on the fund by virtue of their attachment execution; nor did Mrs. Tanner take anything by the assignment to her as collateral security.

The title, in trust for the creditors, remained all the while in the assignee and his successor in the trust. The latter is, therefore, entitled to the fund in court.

It may not be amiss to notice that, by mistake of counsel, the case is here on writ of error instead of appeal; but, inasmuch as no objection has been raised, and both parties have treated the case throughout as an appeal, we have considered and disposed of it as though it was here in proper form.

Decree reversed at the costs of the appellees, and it is now adjudged and decreed that the fund in court be paid to the appellant, Simon Truby, Jr., trustee, for the benefit of creditors, under the deed of voluntary assignment.